

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Valentino Amaro v. Wentworth Vedder

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4130

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Valentino Amaro v. Wentworth Vedder" (2009). *2009 Decisions.* Paper 1670.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1670

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-113                                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4130
_____

VALENTINO AMARO,
                                                            Appellant

v.

WENTWORTH D. VEDDER; RICHARD HERNANDEZ

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-03368)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: March 26, 2009)
_____

OPINION
_____

PER CURIAM

Appellant Valentino Amaro appeals from the District Court's order dismissing his

complaint.  We will dismiss the appeal under 28 U.S.C. § 1915 (e)(2)(B).

In 2008, Amaro filed a civil action under 42 U.S.C. § 1983 alleging that Vedder, Amaro's criminal defense attorney, violated his constitutional rights when representing him. Amaro also alleged that Hernandez, acting on behalf of the Disciplinary Board of the Supreme Court of Pennsylvania, violated his constitutional rights when he dismissed Amaro's formal complaint regarding Vedder's representation. Amaro sought declaratory and monetary relief from the District Court.

Amaro timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Amarao is proceeding in forma pauperis, we must dismiss the appeal if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As the District Court points out, Vedder is not a state actor acting under color of state law. The Supreme Court has held that an attorney, whether appointed by the state or privately retained, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 318-319 (1981); see also Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (1999). Therefore, Amaro cannot bring an actionable § 1983 claim against Vedder.

Amaro also fails to allege how Hernandez violated his constitutional rights in dismissing the formal complaint Amaro filed with the Disciplinary Board of the Supreme

2

Court of Pennsylvania.  Therefore, we agree with the District Court that Amaro does not provide a basis for relief under 42 U.S.C. § 1983.

As the appeal lacks any arguable legal merit, we will dismiss it under 28 U.S.C. § 1915 (e)(2)(B)(i).  The motion for appointment of counsel is denied.